UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL R. FELIZ and MARIA JAFIER-FELIZ,<br><br>          Plaintiffs,<br><br>-against-<br><br>JERRY VASQUEZ and ARL TRANSPORT LLC d/b/a ARL,<br><br>          Defendants. | Case No. 1:24-cv-08861 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On November 21, 2024, the Court issued an Order to Show Cause with respect to the timeliness of removal from state court by Defendants Jerry Vasquez ("Vasquez") and ARL Transport LLC's ("ARL Transport" and, together with Vasquez, "Defendants"). Dkt. 4. On November 29, 2024, Defendants responded to the Order to Show Cause. Dkt. 6. In that response, Plaintiffs provided documentation of when service occurred on Defendant ARL Transport's statutory agent — the New York Secretary of State — and on Defendant ARL Transport's registered agent. Dkt. 6 ¶¶ 4-5, 8; Dkt. 6-1. Defendant ARL Transport's statutory agent received service on October 7, 2024, but ARL Transport's registered New York agent did not receive a copy of the summons and complaint until October 22, 2024. Dkt. 6 ¶ 4; Dkt. 6-1 ¶ 4. Plaintiffs also provided documentation that while Defendant Jerry Vasquez was served via the New York Secretary of State on October 7, 2024, additional service by certified mail was returned unclaimed. Dkt. 6 ¶ 9.

  The Court finds that Defendant ARL Transport has timely removed this action. "Courts in this Circuit have repeatedly held that when a plaintiff serves process on a defendant's statutory agent — here, the New York Secretary of State, *see* N.Y. L.L.C. Law § 303 — 'the thirty-day period for removal does not begin to run until the defendant[,] and not

its statutory agent[,] receives notice that service has been made.'" *Cavazzini v. Allison*, No. 23-cv-05430 (AT), 2024 WL 532102, at *1 (S.D.N.Y. Jan 8, 2024) (alterations in original) (quoting *Carr v. Marriott Int'l, Inc.*, No. 11-cv-08186 (GBD), 2012 WL 1075160, at *1 (S.D.N.Y. Mar. 30, 2012)). "A defendant is considered to have been served when the defendant itself actually receives the pleadings or its registered agent receives the pleadings." *Sw. Mar. & Gen. Ins. Co. v. Main St. Am. Assurance Co.*, No. 21-cv-02714 (JPO), 2021 WL 4441513, at *2 (S.D.N.Y. Sept. 28, 2021). Defendant ARL Transport's agent received the summons and complaint on October 22, 2024. Dkt. 6-1 ¶ 4. The thirty-day deadline therefore expired on November 21, 2024. Accordingly, removal on November 20, 2024, was timely.

Counsel for all parties shall appear for an initial pretrial conference, scheduled by separate order, on **February 4, 2025** at **2:00 p.m.** in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.

Dated: December 2, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

2